UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RON D. CRAVEN,

                           Petitioner,

          -v-                                    9:10-CV-0170
                                                           (DNH)
ANDREA EVANS, Chairwoman,

                           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

RON D. CRAVEN
Petitioner, Pro Se
1023 Bellevue Ave.
Second Floor
Syracuse, NY 13204

HON. ERIC T. SCHNEIDERMAN          PAUL M. TARR, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271


DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

I.     **INTRODUCTION**

Currently pending is a habeas corpus petition filed by Ron D. Craven pursuant to 28 U.S.C. § 2254 in this District on February 12, 2010.[1]  See Dkt. No. 1 ("petition").  For

---

[1] According to the website maintained by the Department of Corrections and Community Supervision ("DOCCS"), Craven was released to parole supervision on April 10, 2008.  See http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (inmate name: Craven, Ron D.; last visit date January 30, 2012).  Although Craven was therefore plainly not incarcerated when he commenced this

the reasons set forth below, the petition is denied and dismissed in its entirety as untimely because: (1) it is barred by the one-year statute of limitations applicable to federal habeas corpus petitions; (2) petitioner is not entitled to equitable tolling of the governing limitations period; and (3) petitioner has failed to establish that he is actually innocent of the convictions challenged herein.

## II.   BACKGROUND

### A.   State Court Proceedings

In January of 2006, a Cayuga County grand jury indicted Craven and charged him with three counts each of first degree criminal possession of a forged instrument (contrary to New York Penal Law ("Penal Law") § 170.30), and misdemeanor petit larceny (in violation of Penal Law section § 155.25). See Indictment No. 2006-019, Dkt. No. 11-1 ("Indictment").[2]  A jury trial on those charges was held beginning on May 22, 2006 in a trial over which Cayuga County Court Judge Peter J. Corning presided. See Transcript of Trial of Ron Craven (5/22/06), Dkt. No. 11-21 ("Trial Tr.").  At the conclusion of that trial, the jury found Craven guilty of all six charges. Id. at pp. 532-34.  At his sentencing hearing on those convictions, the trial court sentenced Craven to concurrent, indeterminate terms of imprisonment of between five and fifteen years on each of the criminal possession of forged instrument convictions, and to lesser, concurrent

---

action, he was still nevertheless "in custody" for purposes of 28 U.S.C § 2254(a) because, as the Supreme Court noted in Jones v. Cunningham, 371 U.S. 236 (1963), the restraints that are placed on an individual who is on parole are significant enough so that such an individual may properly be viewed as being "in custody" within the meaning of the habeas corpus statute. Id. at 243; see also Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006) ("parole satisfies the 'in custody' requirement of habeas petitions") (citing Cunningham).

   [2] Those criminal charges arose out of Craven's alleged use of counterfeit bills in conjunction with purchases made by him in Cayuga County. See Indictment.

2

sentences on his petit larceny convictions. See Transcript of Sentencing of Ron Craven (7/20/06), Dkt. No. 11-21 ("Sentencing Tr.") at pp. 11-12.

Craven appealed his convictions and sentences to the New York State Supreme Court, Appellate Division Fourth Department. On February 1, 2008, that court issued an order in which it affirmed Craven's convictions, however it modified the sentences imposed on him for the criminal possession of forged instrument convictions to concurrent, indeterminate terms of two to six years imprisonment. People v. Craven, 48 A.D.3d 1183 (N.Y. App. Div. 4th Dep't 2008). On May 15, 2008, New York State's Court of Appeals denied Craven's application which sought leave to appeal the Fourth Department's order to the Court of Appeals. People v. Craven, 10 N.Y.3d 861 (2008).

On February 17, 2009, Craven filed a motion to vacate his convictions pursuant to New York's Criminal Procedure Law ("CPL"), § 440.10, Dkt. No. 11-12 ("February, 2009 CPL Motion"). That application was opposed by the Cayuga County District Attorney, Dkt. No. 11-13, and on April 21, 2009, Cayuga County Court Judge Thomas G. Leone issued a Memorandum, Decision and Order denying Craven's February, 2009 CPL Motion, Dkt. No. 11-15 ("April, 2009 Order"). On July 21, 2009, the Fourth Department denied Craven's application which sought leave to appeal Judge Leone's April, 2009 Order. See Dkt. No. 11-19.

### B.   Proceedings in this Court

In his petition, Craven asserts various arguments in support of his request for federal habeas intervention. Specifically, in his first ground, he contends that the Indictment was "jurisdictionally defective" because such instrument only charged Craven with two counts each of criminal possession of a forged instrument and petit larceny, but

3

he was nevertheless tried on, and ultimately found guilty of, three counts of each of those charges. See Petition, Ground One. In his second ground, Craven argues his trial counsel rendered ineffective assistance because he failed to object to the fact that the County Court charged the jury that it could find Craven guilty on a total of six counts, notwithstanding the fact that, according to petitioner, he was only charged with a total four crimes in the Indictment. See id., Ground Two. Craven's third ground argues that the County Court committed error in conjunction with various evidentiary rulings made by that court during the related criminal matter. Id., Ground Three. In his fourth and final ground for relief, Craven argues that the jury's verdict was against the weight of the evidence. Id., Ground Four.

On August 26, 2010, the Office of the Attorney General of the State of New York, acting on respondent's behalf, filed an answer in opposition to the petition, together with various state court records relating to Craven's convictions. Dkt. Nos. 10-11. Respondent's counsel also filed a memorandum of law in opposition to the Petition, Dkt. No. 12, in which respondent argues that petitioner's claims must be denied because they are time-barred by the statute of limitations applicable to the present action. Id. at pp. 5-16.

On September 3, 2010, petitioner filed a traverse in further support of his habeas application, which submission he amended on November 10, 2010. See Dkt. Nos. 14, 17 (collectively "Traverse").

This matter is currently pending for disposition.

**III.    DISCUSSION**

The enactment by Congress in 1996 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant changes to the prisoner litigation landscape.  One of those changes was the institution of a one-year statute of limitations applicable to habeas corpus petitions filed after April 24, 1996.  See 28 U.S.C. § 2244(d).  The law now provides, among other things, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the criminal matter below, the Appellate Division affirmed Craven's convictions on February 1, 2008, see Craven, 48 A.D.3d at 1183, and the Court of Appeals denied him leave to appeal on May 15, 2008, see Craven, 10 N.Y.3d at 861.  His convictions therefore became final on Wednesday, August 13, 2008, the date on which his time to seek a writ of certiorari from the Supreme Court expired.  Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).  Petitioner therefore ordinarily would have had one year from that date, or until Thursday, August 13, 2009, within which to timely file his petition.  See

28 U.S.C. § 2244(d)(1)(A).

However, as noted above, on February 17, 2009, Craven filed his February 2009 CPL Motion. By the time of that filing, one hundred eighty-eight (188) days of the governing limitations period had already elapsed, i.e., the period of time between August 13, 2008 and February 17, 2009. The filing by Craven of his February 2009 CPL Motion, however, tolled the statute of limitations, and such tolling continued until July 21, 2009—the date on which the Fourth Department denied Craven permission to appeal the County Court's order which denied his February 2009 CPL Motion. See Dkt. No. 11-19. The limitations period began to run anew on that date, and continued running for two hundred six (206) additional days—or until February 12, 2010, the date on which Craven filed his petition.[3] Thus, even excluding the time during which the governing limitations period was tolled during the pendency of Craven's February 2009 CPL Motion, he commenced this action three hundred ninety-four (394) days after his conviction became final, and therefore exceeded the governing statute of limitations by twenty-nine (29) days. This action is therefore subject to dismissal on this basis unless the patently late filing of the action may be excused. See 28 U.S.C. § 2244(d); Day v. McDonough, 547 U.S. 198, 201-02 (2006); Richard v. Rock, No. 9:08-CV-145, 2009 WL 383762, at *7 (N.D.N.Y. Feb. 10, 2009) (Hurd, J.) (adopting report-recommendation of Bianchini, M.J.); Smith v. Conway, No. 07 Civ. 7174, 2008 WL 2531194, at *3 (S.D.N.Y. June 24, 2008) (finding petition filed approximately two weeks after expiration of statute of limitations

---

[3] Since Craven was not incarcerated when he commenced this action, his petition is deemed filed when his pleading was received by the Clerk for filing. See Walker v. Jastremski, 430 F.3d 560, 563 n. 3 (2d Cir. 2005); McEachin v. Drefus, No. 06-CV-1489, 2008 WL 686812, at *2 (N.D.N.Y. Mar. 10, 2008) ("The Second Circuit has . . . held that when the delay [in the filing of a document] is not attributable to mail in the prison system or to prison officials, the 'prison mailbox rule' does not apply.") (citing Walker).

6

untimely under AEDPA).

A habeas petition that would otherwise be subject to dismissal in light of the AEDPA's statute of limitations may nevertheless be considered by a district court where the court determines that the limitations period should be equitably tolled. Holland v. Florida, ___ U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010). Furthermore, although the Second Circuit has acknowledged that the "question remains open" as to "whether the [United States] Constitution requires an 'actual innocence' exception to [the] AEDPA's statute of limitations," Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003) (quotation omitted), the Second Circuit has nonetheless directed district courts to consider a claim of actual innocence before dismissing a habeas petition as untimely filed. Id.; see also Friedman v. Rehal, 618 F.3d 142, 152 (2d Cir. 2010) (holding that "[a] claim of actual innocence could provide a basis for excusing [a] late filing") (citing Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004)).

### A.   Equitable Tolling

A petitioner is entitled to equitable tolling of the governing limitations period if he establishes: " '(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the habeas petition. Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis omitted). "To be eligible for equitable tolling, a petitioner must demonstrate extraordinary circumstances beyond his control that prevented him from timely filing his petition." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011) (citing Baldayaque v. United States, 338 F.3d 145,151 (2d Cir. 2003)) (internal quotation marks omitted). "The term extraordinary does not refer to the uniqueness of the petitioner's

7

circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (citation and internal quotation marks omitted). Equitable tolling is only appropriate where the petitioner can demonstrate that he was "prevented from filing [the petition] despite exercising that level of diligence which could reasonably be expected in the circumstances." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (emphasis in original) (quotation marks and citation omitted).

In his Traverse, Craven argues that the governing limitations period should be tolled because:

> Mr. Craven was laid off on February 12, 2009 due to the economy and to no fault of Mr. Craven's which left Petitioner unable to pursue the issue at bar, while unemployed and faithfully seeking employment, Petitioner returned to work August 18, 2009. Therefore Mr. Craven respectfully request that 29 days be tolled to reflect such extraordinary circumstance which stood in the way and prevented timely filing.

Traverse at p. 20.[4] Craven attached to his Traverse a letter apparently written by an employee of Craven's current employer in which such individual states that Craven was employed by such company on September 3, 2008, laid off on February 12, 2009, and rehired as of August 18, 2009. See Dkt. No. 14-1.

Although Craven now contends that his unemployment and related job search amounted to an "extraordinary circumstance" that "prevented" him from timely commencing the present action, this argument appears to ignore the fact that in May, 2009—while he was both on parole and unemployed—he prepared and filed his

---

[4] As noted, Craven was paroled on April 10, 2008.

8

application which sought leave to appeal the County Court's denial of his February 2009 CPL Motion.  See Dkt. No. 11-16.  The following month, while Craven was still both on parole and unemployed, he prepared and filed a document in support of that leave application that was replete with legal arguments and case citations.  See Dkt. No. 11-17.  Craven has not submitted anything, in either his petition or his Traverse, which explains why he was able to research, prepare, and file those state court submissions while he was both on parole and unemployed, but yet he was unable to prepare his federal habeas petition for filing between July 22, 2009 (after the Fourth Department denied his application seeking leave to appeal) and August 18, 2009 (the date on which he was apparently rehired by the company referenced in his exhibit).  Nor has petitioner articulated any reason as to why it took him nearly six months after he was rehired by that company—from August 18, 2009 to February 12, 2010—to complete the form habeas petition he ultimately filed here.

    The foregoing plainly demonstrates that Craven did not diligently pursue his rights relating to the convictions challenged herein.  Nor does anything presented support a claim that Craven was prevented from timely filing this action due to extraordinary circumstances beyond his control.  Consequently, Craven is not entitled to equitable tolling of the governing limitations period.  Jenkins v. Greene, 630 F.3d 298, 302-03 (2d Cir. 2010) (citing Holland,130 S. Ct. at 2562) (other citation omitted).

### B.     Actual Innocence

Finally, in considering whether petitioner has asserted a credible claim of actual innocence concerning the convictions challenged herein, it is noted that, to meet this high burden, petitioner "must present new reliable evidence that was not presented at

9

trial and show that it is more likely than not that no reasonable juror would have found [him] guilty beyond reasonable doubt." Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000) (citing Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995)) (internal quotations omitted); see also Vasile v. Herbert, No. 00 CIV. 7338, 2011 WL 6153686, at *1 (S.D.N.Y. Dec. 12, 2011) (citing Lucidore).

Petitioner has made no persuasive arguments in his petition that support a claim that he is actually innocent of any of the convictions challenged herein. In his Traverse, he contends that he has always maintained his innocence throughout the related criminal matter. See Traverse at p. 27. Conspicuous by its absence, however, in petitioner's filings is any evidence or citation to the record that suggests, much less establishes, that he is actually innocent of the charges of which he was convicted. As the Fourth Department noted in affirming Craven's convictions, the prosecution "presented evidence that [Craven] passed counterfeit $20 bills at two different retail stores in three separate transactions, and the jury was entitled to reject the testimony of defendant that he was unaware that the bills were counterfeit." Craven, 48 A.D.3d at 1184. That evidence, as well as the surveillance videos that were utilized at trial which further implicated Craven in those crimes, e.g., Trial Tr. at pp. 271-83, precludes a finding that he is actually innocent of any of the crimes of which he was convicted.[5] Petitioner therefore cannot now seek safe harbor from the dismissal of his petition based upon this final (potential) exception to the AEDPA's statute of limitations. See, e.g., Menefee, 391 F.3d at 161;

---

[5] Moreover, after having reviewed the relevant state court records, the finding of Judge Corning is endorsed, who, in sentencing Craven for his crimes, found that he had lied under oath in offering his defense to the charges against him. See Sentencing Tr. at pp. 10-11.

10

Whitley, 317 F.3d at 225; see also Medina v. McGinnis, 04-CV-2505, 2004 WL 2088578, at *27 (S.D.N.Y. Sept. 20, 2004). The present application will therefore be denied and dismissed as untimely filed.[6]

## IV. CERTIFICATE OF APPEALABILITY

In considering whether petitioner is entitled to a Certificate of Appealability regarding the decision to dismiss his petition, it is noted that 28 U.S.C. § 2253(c) provides, in relevant part, as follows:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .[7]

---

[6] Additionally, the claims asserted herein are also substantively without merit. Craven's claim that the Indictment only charges him with two counts of criminal possession of a forged instrument and two counts of petit larceny (petition, Ground One) is, as was aptly noted by Judge Leone in his decision denying Craven's February 2009 CPL Motion, "refuted in the record." See April, 2009 Order at p. 2; see also Dkt. No. 11-1 (copy of Indictment); Transcript of Arraignment of Ron Craven (2/7/06), Dkt. No. 20, at pp. 1-2 (reflecting the fact that Craven was arraigned on three charges each of criminal possession of a forged instrument and petit larceny); see also Trial Tr. at pp. 173-77 (six charges contained in the Indictment being read to the jury at the beginning of Craven's trial). Craven's initial ground for relief is therefore meritless.
 That fact also demonstrates that petitioner's trial counsel did not render ineffective assistance by failing to object to the County Court's charge to the jury which informed that body that it could find Craven guilty of a total of six counts, rather than four counts. Petition, Ground Two. Thus, Craven's second ground is also without substance.
 Additionally, after having reviewed relevant portions of the state court record, it is found that Craven has not established that any of the claimed errors purportedly committed by the County Court in allowing certain matters into evidence during Craven's trial were constitutionally significant. See Green v. Conway, No. 09-CV-6416, 2011 WL 5827317, at *7 (W.D.N.Y. Nov. 18, 2011) (noting that evidentiary rulings of the trial court are only redressable in a federal habeas corpus proceeding if the claimed errors are "of constitutional magnitude") (citation omitted). Furthermore, nothing presented suggests that the allegedly erroneous admission of the evidence referenced in this ground had a substantial and injurious effect on the jury's verdict. See Wood v. Ercole, 644 F.3d 83, 94 (2d Cir. 2011) (citing Brecht v. Abrahamson, 507 U.S. 619, 639 (1993)) (other citation omitted). His third ground for relief must therefore be denied on the merits.
 Finally, for the reasons discussed more fully above, it is concluded that Craven's final ground for relief, even liberally construed as a claim challenging the sufficiency of the evidence adduced at his trial, see, e.g., Bester v. Conway, 778 F.Supp.2d 339, 345-48 (W.D.N.Y. 2011), is refuted by the record and without merit.

[7] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability

11

28 U.S.C. § 2253(c)(1)(A). A Certificate of Appealability may be issued only "if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing, a Certificate of Appealability will not be issued in this matter.

Therefore it is

ORDERED that

1. Petitioner's habeas petition is DENIED and DISMISSED; and

2. No Certificate of Appealability shall issue.

The Clerk shall file a Judgment and close the file.

IT IS SO ORDERED.

United States District Judge

Dated: February 23, 2012
       Utica, New York.

---

under 28 U.S.C. § 2253(c)." See Fed. R. App. P. 22(b).